

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,064-01

### EX PARTE JAMES HARRIS, JR.

### ON MOTION FOR EXTENSION OF TIME TO FILE AN APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 67063-A IN THE 149TH DISTRICT COURT BRAZORIA COUNTY

*Per curiam*.

**O R D E R**

This case is before us because applicant has filed a motion for an extension of time to file an application for a writ of habeas corpus pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071.[1]

On December 13, 2013, a jury convicted applicant of capital murder and the trial

---

[1] Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

court sentenced him to death.[2] The trial court immediately appointed the Office of Capital Writs to represent applicant on an Article 11.071 writ application.[3] During several months of 2015, the Office of Capital Writs found itself in transition and without a director. By Court appointment, the Office installed a new director on October 1, 2015.

On August 4, 2015, the State filed its brief on applicant's direct appeal.[4] Under Article 11.071 § 4(b), this initially made applicant's writ application due in the trial court no later than September 18, 2015. Because the OCW timely requested and received the statutorily allowed 90-day extension for filing, applicant's writ application is now due in the trial court on or before December 17, 2015. However, as the due date draws closer, the new director of the OCW has expressed concern over whether he will have enough time to complete his review of the case. Acknowledging that the trial court is without the authority to grant the OCW another extension, the Office has filed with this Court an early motion for an extension of time under Article 11.071 § 4A.[5]

Under the circumstances, this Court holds that the OCW has shown good cause

---

[2] Applicant's direct appeal is currently pending before this Court.

[3] The Office of Capital Writs has been renamed. It is now the Office of Capital and Forensic Writs.

[4] The OCW mistakenly asserts that the State's brief was filed on August 3, 2015. It was actually filed on August 4, 2015, which makes the OCW's calculations off by a day.

[5] The motion for an extension of time will not be sealed. However, the affidavit accompanying the motion shall be sealed by order of this Court (this order includes that same affidavit included as an attachment to the State's Response).

supporting its request for additional time to file applicant's writ application.  Although the extension allowed by Article 11.071 § 4A is technically only invoked after a party has failed to timely filed a writ application, we grant the OCW's preemptive motion and hold that it shall have an additional 90 days from the day the writ application is currently due to file the application.  Thus, applicant's writ application shall be due in the trial court on or before March 16, 2016.

IT IS SO ORDERED THIS THE 5TH DAY OF NOVEMBER, 2015.

Do Not Publish